Elisa **Defunturum**, et al.,
Plaintiffs/Appellants,
v.
**Saipan Manufacturers, Inc.**,
Defendant/Appellee.
Appeal No. 97-006
Civil Action No. 96-1177
Labor Case No. 96-0203
October 27, 1997

Argued and Submitted October 1, 1997

Counsel for Appellants: Reynaldo O. Yana, Saipan.

Counsel for Appellee: David A. Wiseman, Saipan.

BEFORE: TAYLOR, Chief Justice, VILLAGOMEZ and ATALIG, Justices.

VILLAGOMEZ, Justice:

¶1 ■ The appellants, Elisa Defunturum, et al., former employees ("employees") of Saipan Manufacturers, Inc. ("employer"), appeal the Superior Court decision affirming the order of the Secretary of Labor and Immigration ("Secretary") which denied transfer relief to

the employees. The Superior Court held that the employees' appeal of the Hearing Officer's decision of March 15, 1996, was not timely. We have jurisdiction pursuant to title 1, § 3102 (a) of the Commonwealth Code. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 This case began at the Department of Labor and Immigration as an administrative proceeding. The employees were given notice of termination of employment when the employer decided to close down its business operation as a garment factory on Saipan. The Labor Complaint, filed on May 23, 1995, alleged wrongful termination of employment and unauthorized wage deductions, and requested transfer relief[1] for the employees.

¶3 On February 1, 1996, the Director of Labor found no violation of the labor law by the employer. At a hearing on March 15, 1996, the employees and the employer entered into a stipulated settlement agreement ("agreement"), which was signed by their respective attorneys. The agreement settled all claims that the employees had against the employer and waived all future hearings between the parties. The agreement was approved by the Hearing Officer, stating that the action is dismissed with prejudice, except for the issue of transfer relief

¶4 Aside from the employer's obligation to provide the employees with return plane tickets, in the event that they are not granted transfer relief,[2] the agreement terminated the employer-employees contractual relationships and ceased all rights between the parties. The agreement gave the employees 30 days to apply for transfer relief. The employer stated that it had no objection to the request for transfer relief and waived notice of any future hearings.

¶5 On the same day, March 15, the Hearing Officer conducted a hearing on the employees requests for transfer relief and then took the matter under advisement. On March 26, 1996, the Hearing Officer issued an order denying the request for transfer and ordered all employees to depart the CNMI. This decision was appealed by the employees to the Secretary on April 9, 1996.

¶6 The appeal, however, did not challenge the Hearing Officer's decision to deny transfer relief. Instead, the appeal was based on allegation that the employees did not

consent to the agreement filed and approved on March 15, 1996.[3] In addition, the employees raised a new claim; that they were terminated as a retaliation for their action against the employer at the U.S. District Court involving a separate matter. The Secretary issued an order on October 10, 1996, affirming the Hearing Officer's order of March 26, 1996, which denied the transfer of employment

¶7 The employees appealed the Secretary's order to the Superior Court on October 18, 1996. After reviewing the briefs and hearing oral arguments, the court affirmed on February 12, 1997. The court concluded that the appeal of the March 15 order should have been made within 15 days, and was therefore untimely. As to the appeal of the March 26 order, which denied the request for transfer, the court found that the appeal was timely, and affirmed the decision of the Secretary and the Hearing Officer. The court found that the Hearing Officer did not abuse his discretion in denying the requests for transfer relief. The employees timely appealed.

## ISSUE AND STANDARD OF REVIEW

■ We are asked to determine whether the Superior Court erred in concluding that the appeal of the Hearing Officer's March 15 order was not timely. We review the timeliness of a notice of appeal de novo. *Nansay Micronesia Corp. v. Govendo*, 3 N.M.I. 12 (1992).

## ANALYSIS

¶8 The Nonresident Workers Act, title 3, § 4445(a), provides that:

> Within 15 days of issuance[,] any person or party affected by findings, orders or decisions of the agency[,] made pursuant to Section 4444[,] may appeal to the Director by written notice. If no appeal is made to the Director within 15 days of issuance of the original findings, orders or decisions[,] [it] shall be unreviewable administratively or *judicially*. (emphasis added)

¶9 In the present case, the employees had fifteen days to appeal the Hearing Officer's March 15 order stating that the parties had consented to the agreement. They had until March 30, 1996, to file their appeal. However, the record shows that the employees appealed on April 9, 1996.

---

[1] "Transfer relief" means an order from the Division of Labor authorizing a non-resident worker to transfer to another employer.

[2] The language of the agreement indicates that the employees would request transfer relief from Labor. and Labor has the sole authority to grant or deny such request. The employer has no role in the transfer relief proceedings.

[3] Only 94 of the 200 plus employees took this appeal through new counsel, Reynaldo Yana. The rest of the employees did not appeal.

¶10 The employees, relying on 3 CMC § 4444(d),[4] assert that the Hearing Officer's order of March 15 was not a final order because it was not accompanied by a "finding," "decision" or "order." They argue that the fifteen-day appeal time limitation started running after the Hearing Officer's order of March 26, 1996. Thus, they argue that their appeal was timely. We find no error.

¶11 ■ The Superior Court ruled that 3 CMC § 4444(d) does not apply to this case because the issuance of findings, decisions, or orders are made upon conclusion of an evidentiary hearing. The evidentiary hearing which would have been conducted on March 15 was replaced by the agreement, negating the need for such hearing. Because the matter was settled voluntarily and to the satisfaction of both parties, there was no need for the Hearing Officer to render administrative findings, decisions, or orders. The Hearing Officer simply accepted and approved the agreement. The enforcement provisions of the Nonresident Workers Act do not include, nor do they contemplate, adjudicatory action on the part of the Hearing Officer in the event of a stipulated settlement. Thus, pursuant to the agreement, and the approval of the Hearing Officer, the employees' case against the employer was final and appealable on March 15, 1996. Therefore, the Superior Court is correct in concluding that the appeal was untimely.

## CONCLUSION

¶12 For the reasons set forth above, we hereby **AFFIRM** the Superior Court's decision of February 12, 1997.

---

[4] "The agency shall upon concluding the hearing issue findings, decisions and orders within 10 days. Issuance of findings, orders and decisions . . . shall not be judicially reviewable until final." 3 CMC § 4444(d).